[*Crim. No. 4295. First Dist., Div. Two. Nov. 15, 1963.*]

THE PEOPLE, Plaintiff and Respondent, v. AL LEE JACKSON, Defendant and Appellant.

Al Lee Jackson, in pro. per., and Burton M. Greenberg, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, Albert W. Harris, Jr., and Michael R. Marron, Deputy Attorneys General, for Plaintiff and Respondent.

SHOEMAKER, P. J.—This is an appeal by defendant Al Lee Jackson from a conviction of attempted robbery and three prior convictions of felony. ▆▆▆ The evidence, substantially without conflict, shows that the defendant entered the second-hand clothing store operated by Takako Yoshioka in Oakland, that defendant approached Mrs. Yoshioka and inquired whether she had shells for "32" guns; that she replied that she did not sell ammunition for any firearms and that she never had and never would; that defendant then asked "Well, what's the matter, don't you like guns?" and she stated she did not, whereupon defendant looked at some jackets, tried on one or two, and left the store.

Approximately five minutes later, defendant returned and walked to the rear of the store where Mrs. Yoshioka was talking on the telephone. The defendant pointed a gun at her and said, "This is it." She then hung up the telephone and attempted to grab the gun. The defendant avoided her grasp and said, "Be careful, it's loaded." With the defendant's gun pointed at her, Mrs. Yoshioka then attempted to escape by the back door of the store, but the defendant ordered her not to go out the door. She then grabbed the telephone and, in spite of the defendant's warning not to call anyone, began to dial. As the defendant moved to her side in an attempt to grab the telephone, she dropped the receiver, ran past the defendant and out the front door of the store. She then went next door to a cafe and informed the proprietor that there was a man with a gun in her store. Immediately thereafter she saw the defendant run out of her store and get into a car parked nearby. While the defendant was attempting to start his car, Mrs. Yoshioka emerged from the cafe and memorized the license number. She then returned to her store, wrote down the number, and contacted the police. Subsequently she identified the defendant's photograph and picked him out of a lineup.

The Visalia sheriff's office, at the request of the Oakland police, arrested defendant at his home. A car bearing the

license number provided by Mrs. Yoshioka was parked in the driveway. A gun subsequently identified by her was found on the defendant's nightstand. Upon being questioned by the police, the defendant admitted ownership of the car. When he was asked what "deal" or "offense" he had been involved in at Oakland, he said, "Well, you mean, the robbery?" Upon receiving an affirmative reply, he stated, "Well, it was a funny deal. ... I walked in and the lady got scared and run off."

Appellant's first contention on appeal is that the evidence was insufficient to support his conviction because there was no showing that he possesed the required intent to commit robbery. Appellant asserts that the evidence established only that he entered the store, pointed a gun at Mrs. Yoshioka, and said "This is it." Since he did not say "This is a stickup" or "This is a holdup," appellant contends that the jury's implied finding that he intended to commit a robbery was based upon pure supposition and that the judgment of conviction must be reversed. This contention is wholly without merit.

A reviewing court must assume in favor of the verdict every fact which the jury could have reasonably deduced from the evidence. (*People* v. *Perkins* (1937) 8 Cal.2d 502, 511 [66 P.2d 631].) If the circumstances reasonably justify the verdict, the fact that those circumstances might also reasonably be reconciled with the defendant's innnocence will not warrant interference with the jury's determination. (*People* v. *Newland* (1940) 15 Cal.2d 678, 681 [104 P.2d 778].)

We have recited the evidence and it clearly supports the implied finding that appellant possessed the requisite intent to commit robbery. Further, defendant chose not to take the stand and provide any other explanation of his conduct. The failure of the defendant to deny or explain evidence presented against him, when it is in his power to do so, may be considered by the jury as tending to indicate the truth of such evidence, and as indicating that among the inferences that may reasonably be drawn therefrom, those unfavorable to the defendant are the more probable. (*People* v. *Adamson* (1946) 27 Cal.2d 478, 489 [165 P.2d 3].)

Appellant also contends that prejudicial error was committed in the selection of the jury and that the prosecutor was guilty of misconduct in presenting evidence. Appellant does not support either contention by any specific reference to the

record; however, this court has undertaken a thorough review of the proceedings before the trial court. The record shows no foundation for either of these assignments of error. The jury was fairly and properly selected. An examination of the prosecutor's conduct throughout the trial lends no support to appellant's claim of misconduct.

Appellant's trial unquestionably was fair and impartial.

Judgment affirmed.

Agee, J., and Taylor, J., concurred.

A petition for a rehearing was denied December 3, 1963.